# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

### Case No. 19-20664-CIV-MARTINEZ/AOR

REVA INC. and
REVA ACQUISITION, INC.,

       Plaintiffs,

v.

CAMERON SPANFELNER *et al*.,

       Defendants.

_____/

## REPORT AND RECOMMENDATION

THIS CAUSE came before the Court upon the following submissions:

    1.   Plaintiffs Reva Inc. and Reva Acquisition, Inc.'s (together, "Plaintiffs") Verified Motion for Attorneys' and Paralegal Fees and Other Litigation Costs (hereafter, "Motion for Fees and Other Costs") [D.E. 110]; and

    2.   Plaintiffs' Bill of Costs (hereafter, "Motion for Taxable Costs") [D.E. 111].

(together, "Consolidated Motions for Fees and Costs"). These matters were referred to the undersigned pursuant to 28 U.S.C. § 636 by the Honorable Jose E. Martinez, United States District Judge [D.E. 113]. On October 27, 2020 and December 7, 2020, the undersigned held telephonic hearings on these matters (hereafter, "October 27, 2020 Hearing" and "December 7, 2020 Hearing") [D.E. 118, 121]. For the reasons stated below, the undersigned respectfully recommends that Plaintiffs' Consolidated Motions for Fees and Costs be GRANTED IN PART.

## PROCEDURAL AND FACTUAL BACKGROUND

Plaintiffs commenced this action against Defendants Jacob Bercovici and Liv Jets, LLC on February 20, 2019. See Complaint [D.E. 1]. On June 21, 2019, Plaintiffs filed an Amended Complaint adding Defendants Dawn Cerbone, Lesa Armstrong, United Health, LLC and Cameron

Spanfelner ("Spanfelner") to this action.  See Amended Complaint [D.E. 28].  In the Amended Complaint, Plaintiffs asserted a claim for injunctive relief against Spanfelner for breaching an Employee Confidentiality and Non-Competition Agreement, designated as the Spanfelner Non-Compete.  Id. at 54–58.

On August 14, 2019, a Clerk's Default was entered against Spanfelner [D.E. 59].  On April 10, 2020, the Court entered a Default Final Judgment and Permanent Injunction in favor of Plaintiffs for Spanfelner's breach of the Spanfelner Non-Compete (hereafter, "Default Final Judgment") [D.E. 108 at 1-2].  Specifically, the Court: entered a permanent injunction against Spanfelner; found that Plaintiffs were entitled to recover their attorneys' fees and costs pursuant to Section 5 of the Spanfelner Non-Compete; retained jurisdiction over Plaintiffs and Spanfelner to determine the amount of attorneys' fees and costs which Plaintiffs are entitled to recover from Spanfelner; and dismissed Plaintiffs' remaining claims against Spanfelner without prejudice.  Id. at 3–7.[1]

In their Motion for Fees and Other Costs, Plaintiffs seek an award of $158,873.00 in attorneys' fees and $29,338.57 in other litigation costs against Spanfelner.  See Motion for Fees and Other Costs [D.E. 110 at 1–2].  In support of this request, Plaintiffs submitted the Declaration of Andrew Gold (hereafter, "Declaration"), setting forth the experience of various timekeepers and the hours they expended; and attaching invoices in support of the other litigation costs sought.  See Declaration [D.E. 110-1].  Plaintiffs also seek to recover from Spanfelner $6,842.12 in taxable costs.  See Motion for Taxable Costs [D.E. 111].

Spanfelner appeared *pro se* at the October 27, 2020 Hearing [D.E. 118].  The undersigned

---

[1] Section 5 of the Spanfelner Non-Compete provides, in pertinent part: "If Employer or any member of the Employer Group is required to enforce this agreement in any dispute or proceeding, Employee shall pay all costs and expenses of enforcement, including reasonable attorney's fees."  See Ex. D to Amended Complaint (hereafter, "Spanfelner Non-Compete") [D.E. 28-4 at 5].

directed Plaintiffs and Spanfelner to meet and confer regarding the Consolidated Motions for Fees and Costs in accordance with Local Rule 7.3(b) and to file a report of the results of their meet and confer session.  <u>See</u> October 27, 2020 Order [D.E. 117].

On November 20, 2020, the parties filed a status report stating that Spanfelner objected to the entirety of the amounts sought by Plaintiffs in the Consolidated Motions for Fees and Costs. <u>See</u> Status Report Pursuant to October 27, 2020 Order [D.E. 119].

Spanfelner again appeared *pro se* at the December 7, 2020 Hearing and articulated the basis for his objections to the amounts sought by Plaintiffs in the Consolidated Motions for Fees and Costs [D.E. 121].   <u>See</u> Transcript of December 7, 2020 Hearing [D.E. 122].   Specifically, Spanfelner argued that he is being held solely responsible for the actions of the other Defendants and that the fees and costs being sought against him are unreasonable. <u>Id.</u> at 3:1–15, 9:18–10:10. Plaintiffs responded by advising the undersigned: that the remaining Defendants entered into confidential settlement agreements with Plaintiffs; that they only seek to recover from Spanfelner a fraction of the $458,000 in attorneys' fees and nearly $55,000 in costs that they incurred in prosecuting this action; and that in their Consolidated Motions for Fees and Costs they "carefully parsed out the fees that were incurred in prosecuting the claims against the other [D]efendants versus those incurred in prosecuting claims against . . . Spanfelner." <u>Id.</u> at 3:17–5:22, 12:21–13:3.

## DISCUSSION

### 1.  Entitlement to Attorneys' Fees and Costs

As the prevailing parties in this matter and pursuant to the Court's Default Final Judgment, Plaintiffs are entitled to an award of their reasonable fees and both their non-taxable and taxable costs incurred in this action.  <u>See</u> Default Final Judgment [D.E. 108 at 7]; Spanfelner Non-Compete [D.E. 28-4 at 5]; Fed. R. Civ. P. 54(d)(1) (hereafter, "Rule 54(d)") ("Unless a federal statute, these

rules, or a court order provides otherwise, costs—other than attorney's fees—should be allowed to the prevailing party.").

### 2.  Motion for Fees and Other Costs [D.E. 110]

#### a.  Calculation of Attorneys' Fees

Plaintiffs' fee request, which Plaintiffs claim is limited to the "time spent in the prosecution of this case against Defendant Spanfelner[,]" is as follows:

| Timekeeper | Hours | Rate ($/hour) | Total ($) |
|---|---|---|---|
| Attorney Gold | 61.3 | 620.00 | 38,006.00 |
| Attorney McCullough | 14.6 | 450.00 | 6,570.00 |
|  | 0.5 | 525.00 | 262.50 |
| Attorney Gomer | 121.9 | 380.00 | 46,322.00 |
|  | 75.1 | 400.00 | 30,040.00 |
| Paralegal Starling | 105.9 | 255.00 | 27,004.50 |
|  | 38.1 | 280.00 | 10,668.00 |
| **Requested Total** | **417.4** |  | **158,873.00** |

See Motion for Fees and Other Costs [D.E. 110 at 5, 8].

"The most useful starting point for determining the amount of a reasonable fee is the number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate. This calculation provides an objective basis on which to make an initial estimate of the value of a lawyer's services." Hensley v. Eckerhart, 461 U.S. 424, 433 (1983). The product of this calculation is known as the lodestar. Key W. Tourist Dev. Ass'n v. Zazzle, Inc., No. 10-CV-10100, 2013 WL 12248141, at *5 (S.D. Fla. 2013).

"The fee applicant bears the burden of establishing entitlement and documenting the appropriate hours and hourly rates." Norman v. Hous. Auth. of City of Montgomery, 836 F.2d 1292, 1303 (11th Cir. 1988). However, the "[C]ourt . . . is itself an expert on the question and may

consider its own knowledge and experience concerning reasonable and proper fees and may form an independent judgment either with or without the aid of witnesses as to value." Id. (quoting Campbell v. Green, 112 F.2d 143, 144 (5th Cir. 1940)).

i.  *Reasonable Hourly Rate*

"A reasonable hourly rate is the prevailing market rate in the relevant legal community for similar services by lawyers of reasonably comparable skills, experience, and reputation." Norman, 836 F.2d at 1299 (citing Blum v. Stenson, 465 U.S. 886, 895–96 (1984)). "The party seeking attorney's fees bears the burden of producing 'satisfactory evidence that the requested rate is in line with prevailing market rates.'" Loranger v. Stierheim, 10 F.3d 776, 781 (11th Cir. 1994) (quoting Norman, 836 F.2d at 1299).

Having reviewed the Declaration and applying her own experience and knowledge to the matter, the undersigned finds that the hourly rates sought by the timekeepers are reasonable and appropriate in light of their respective qualifications and experience.

ii. *Number of Hours Expended*

 "Again, a fee applicant bears the burden of documenting the appropriate hours expended so that the Court may properly assess the time claimed for each activity." BASF Corp. v. Collision One, Inc., No. 09-CV-60328, 2010 WL 1797750, at *2 (S.D. Fla. 2010) (citing Hensley, 461 U.S. at 433).

"Courts are not authorized to be generous with the money of others, and it is as much the duty of courts to see that excessive fees and expenses are not awarded as it is to see that an adequate amount is awarded." Am. Civil Liberties Union of Georgia v. Barnes, 168 F.3d 423, 428 (11th Cir. 1999). "The district court . . . should exclude from this initial fee calculation hours that were not 'reasonably expended.'" Hensley, 461 U.S. at 434. "In ascertaining the number of hours

reasonably expended on the litigation, the district court should exclude any excessive, redundant, or otherwise unnecessary hours from the amount claimed. [T]he hours excluded are those that would be unreasonable to bill to a client and therefore to one's adversary irrespective of the skill, reputation or experience of counsel." Domond v. PeopleNetwork APS, 750 F. App'x 844, 848 (11th Cir. 2018) (citations and internal quotation marks omitted) (alteration in original).

"When a district court finds the number of hours claimed is unreasonably high, the court has two choices: it may conduct an hour-by-hour analysis or it may reduce the requested hours with an across-the-board cut." Bivins v. Wrap It Up, Inc., 548 F.3d 1348, 1350 (11th Cir. 2008) (citing Loranger, 10 F.3d at 783). An across-the-board adjustment may be employed when the billing records are voluminous, and is "often preferable so as to avoid the 'pick and shovel work' of pouring through voluminous billing records." Yellow Pages Photos, Inc. v. Ziplocal, LP, No. 12-CV-755, 2017 WL 3393569, at *4 (M.D. Fla. 2017) (citing Bivins, 548 F.3d at 1350); Cornett v. Lender Processing Servs., Inc., No. 12-CV-233, 2013 WL 6643873, at *5 (M.D. Fla. 2013) (citing Loranger, 10 F.3d at 783). When engaging in an across-the-board analysis, "it is sufficient for the court to provide a concise but clear explanation of its reasons for the reduction." Loranger, 10 F.3d at 783.

Having reviewed each timekeeper's fee entries in connection with the Motion for Fees and Other Costs, the undersigned finds that, notwithstanding Plaintiffs' claim of having "parsed out" the time entries attributable to the other Defendants, the total hours that purportedly relate to the prosecution of the claims against Spanfelner are unreasonably excessive. See Motion for Fees and Other Costs [D.E. 110 at 8]; Declaration [D.E. 110-1 at 8–88]. Therefore, the undersigned finds that a 2/3 across-the-board reduction of the hours requested is appropriate. Yellow Pages Photos, Inc., 2017 WL 3393569, at *4; Cornett, 2013 WL 6643873, at *5. This results in the following

adjustments:

| Timekeeper | Reduced Hours | Rate ($/hour) | Total ($) |
|---|---|---|---|
| Attorney Gold | 20.4 | 620.00 | 12,648.00 |
| Attorney McCullough | 4.9 | 450.00 | 2,205.00 |
| | 0.2 | 525.00 | 105.00 |
| Attorney Gomer | 40.6 | 380.00 | 15,428.00 |
| | 25.0 | 400.00 | 10,000.00 |
| Paralegal Starling | 35.3 | 255.00 | 9,001.50 |
| | 12.7 | 280.00 | 3,556.00 |
| **Requested Total** | **139.1** | | **52,943.50** |

Therefore, the undersigned recommends that Plaintiffs be awarded $52,943.50 in attorneys' fees against Spanfelner.

### b. Other Litigation Costs

The party requesting an award of costs "must not only show that the costs claimed are recoverable, but must also provide sufficient detail and sufficient documentation regarding those costs in order to permit challenges by opposing counsel and meaningful review by the Court." Whittington v. Town of Surfside, No. 06-CV-21032, 2008 WL 11407427, at *4 (S.D. Fla. 2008) (citing Lee v. Am. Eagle Airlines, Inc., 93 F. Supp. 2d 1322, 1335 (S.D. Fla. 2000)).

Plaintiffs contend that the following litigation costs should be awarded because they "were incurred in enforcing the Spanfelner Non-Compete[:]"

| Item | Total ($) |
|---|---|
| Accurint | 155.41 |
| Pacer | 5.20 |
| Postage | 7.55 |
| E-discovery | 20,328.62 |
| Forensic Analyst/Consultant | 8,841.79 |
| **Requested Total** | **29,338.57** |

See Motion for Fees and Other Costs [D.E. 110 at 13]; Declaration [D.E. 110-1 at 6]. However, the documentation provided for these requested litigation costs does not provide a basis for determining whether those costs were incurred in "enforcing the Spanfelner Non-Compete" or in pursuit of Plaintiffs' claims against the other Defendants in this action. Accordingly, the undersigned cannot find that the costs sought are recoverable from Spanfelner and recommends that the requested $29,338.57 be denied. See Compania Naviera Horamar v. Landstar Sys.. Inc., No. 04-CV-20856, 2006 WL 8434791, at *1 (S.D. Fla. 2006) (denying the prevailing defendant's motion for costs against a co-defendant because the prevailing defendant's motion did not differentiate between the expenses incurred in its defense of the co-defendant's cross-claim against it and its defense of the plaintiff's claims against it); Gonzalez v. Wells Fargo Bank, N.A., No. 13-CV-23281, 2015 WL 12978820, at *8 (S.D. Fla. 2015) (denying a request for costs because it was impossible for the court to determine whether the costs sought were incurred in connection with that action or another related action); Whittington, 2008 WL 11407427, at *4.

### 3. Motion for Taxable Costs [D.E. 111]

As noted above, Rule 54(d) provides that "costs—other than attorney's fees—should be allowed to the prevailing party." See Fed. R. Civ. P. 54(d)(1). Section 1920 "enumerates expenses that a federal court may tax as a cost under the discretionary authority found in Rule 54(d). It is phrased permissively because Rule 54(d) generally grants a federal court discretion to refuse to tax costs in favor of the prevailing party." Crawford Fitting Co. v. J. T. Gibbons, Inc., 482 U.S. 437, 442–43 (1987).

Pursuant to Section 1920, a court may award the following as costs:

**(1)** Fees of the clerk and marshal;
**(2)** Fees for printed or electronically recorded transcripts necessarily obtained for use in the case;
**(3)** Fees and disbursements for printing and witnesses;

(**4**) Fees for exemplification and the costs of making copies of any materials where the copies are necessarily obtained for use in the case;
(**5**) Docket fees under section 1923 of this title;
(**6**) Compensation of court appointed experts, compensation of interpreters, and salaries, fees, expenses, and costs of special interpretation services under section 1828 of this title.

28 U.S.C. § 1920.

As the prevailing party in this case, Plaintiffs request the following taxable costs be awarded against Spanfelner pursuant to Section 1920:

| Items | Amount ($) |
|---|---|
| Fees for service of summons and subpoena | 734.83 |
| Fees for printed or electronically recorded transcripts necessarily obtained for use in the case | 5,476.95 |
| Fees for exemplification and the costs of making copies of any materials where the copies are necessarily obtained for use in the case | 630.34 |
| **Total** | **6,842.12** |

See Motion for Taxable Costs [D.E. 111 at 1].

### a.  Service of summons and subpoena

"Pursuant to [Section] 1920(1), fees of the clerk and marshal may be taxed as costs. This includes service of process costs." James v. Wash Depot Holdings, Inc., 242 F.R.D. 645, 649 (S.D. Fla. 2007) (alteration and internal quotations marks omitted) (citing EEOC v. W & O Inc., 213 F.3d 600, 623 (11th Cir.2000)). "The Eleventh Circuit has held that private process server fees may be taxed under [S]ections 1920(1) and 1921, so long as the taxable costs of the private process server are limited to the statutory fees authorized by [S]ection 1921." Flagstar Bank, FSB v. Hochstadt, No. 08-CV-80795, 2010 WL 1226112, at *9 (S.D. Fla. 2010) (footnote omitted) (citing W & O Inc., 213 F.3d at 624).[2] "This is currently $65 per person per hour for

---

[2] 28 U.S.C. § 1921 provides, in pertinent part, that "The United States marshals or deputy marshals shall routinely collect, and a court may tax as costs, fees for . . . [s]erving . . . summons, complaints, or any other writ, order or process in any case or proceeding." 28 U.S.C. § 1921(a)(1)(A).

each item served, plus travel costs and any other out-of-pocket expenses." <u>Cont'l 332 Fund, LLC</u> <u>v. Hilz</u>, No. 17-CV-41, 2020 WL 6595061, at *3 (M.D. Fla. 2020) (citing 28 C.F.R. § 0.114(a)(3)). "[I]nvoices submitted to substantiate these expenses must 'provide sufficient or intelligible details as to what exactly was paid for.'" <u>Mid-Continent Cas. Co. v. JWN Constr., Inc.</u>, No. 17-CV-80286, 2019 WL 8402872, at *3 (S.D. Fla. 2019) (alteration omitted) (quoting <u>Cortez v. Tom Thumb</u> <u>Food Stores, Inc.</u>, No. 12-CV-20373, 2013 WL 12383258, at *4 (S.D. Fla. 2013)).

Plaintiffs request $734.83 for their attempts to serve Spanfelner. <u>See</u> Motion for Taxable Costs [D.E. 111 at 1]; Ex. A. to Motion for Taxable Costs [D.E. 111-1 at 2]. However, the invoice submitted by Plaintiffs in support of the request provides no explanation so to why any costs above the $65.00 allowable should be awarded. Therefore, the undersigned recommends that only $65.00 be awarded for this item. <u>See</u> <u>Cont'l 332 Fund, LLC</u>, 2020 WL 6595061, at *3 (denying the movants' request for service fees because they did not provide information to justify why and how the costs were necessarily incurred); <u>Regions Bank v. Roth</u>, No. 16-CV-468, 2018 WL 3213331, at *4 (M.D. Fla. 2018) ("Because [the movant's] submission does not indicate the hourly rate of the private process server, I find that [the movant] should be awarded $65.00 for costs associated with service of the Summons and Complaint."); <u>Mid-Continent Cas. Co.</u>, 2019 WL 8402872, at *4 ("Because [the movant] has not provided sufficient evidence justifying the need for multiple service attempts, the undersigned recommends awarding the actual cost of one completed service."); <u>Wiand v. Wells Fargo Bank, N.A.</u>, No. 12-CV-557, 2015 WL 12839237, at *8 (M.D. Fla. 2015) ("any service of process without supporting documentation of time spent and additional costs . . . is limited to recovery of $65.00."); <u>Primerica Life Ins. Co. v. Guerra</u>, No. 16-CV-22330, 2017 WL 5713927, at *4 (S.D. Fla. 2017) ("As for the $1,030.00 fee for foreign process server

fees, I recommend an award of $65.00 . . . because [the movant] failed to provide the Court with sufficient information to determine her entitlement to recover a greater amount.").

### b. Electronically recorded transcripts necessarily obtained for use in this case

The costs for depositions and deposition transcripts are generally recoverable if they were "necessarily obtained for use in the case." Rodriguez v. Marble Care Int'l, Inc., 862 F. Supp. 2d 1316, 1320 (S.D. Fla. 2012) (citing Am. Cas. Co. of Reading, Pennsylvania v. Health Care Indem., Inc., No. 07-CV-0421, 2009 WL 1456429, at *2 (M.D. Fla. 2009)); Castillo v. Roche Labs., Inc., No. 10-CV-20876, 2012 WL 381200, at *3 (S.D. Fla. 2012). "Costs are generally unrecoverable if they were incurred merely for convenience or for investigative purposes." Harrison v. Belk, Inc., 740 F. App'x 708 (11th Cir. 2018) (citing W&O, Inc., 213 F.3d at 620). "[T]he choice whether to award taxation of deposition costs is left to the district court's discretion." Salvador v. Brico, LLC, 796 F. App'x 654, 656 (11th Cir. 2020) (citing W&O, Inc., 213 F.3d at 621).

Plaintiffs request $5,476.95 for videography services obtained for, and the transcripts of, Defendant Jacob Bercovici's July 19, 2019 deposition and Defendant Dawn Cerbone's December 10, 2019 deposition. See Bill of Costs [D.E. 111 at 1, 3–7]. However, given Spanfelner's failure to contest this matter and the resulting Clerk's Default and Default Final Judgment entered against him, the undersigned finds that the videography services obtained for, and the transcripts of, Defendant Jacob Bercovici's July 19, 2019 deposition and Defendant Dawn Cerbone's December 10, 2019 deposition were not necessarily obtained for use in the case against Spanfelner. Rodriguez, 862 F. Supp. 2d at 1320; Harrison, 740 F. App'x at 708; Salvador, 796 F. App'x at 656; see also Maus v. Ennis, 513 F. App'x 872, 880 (11th Cir. 2013) ("After a default is entered against a defendant, he is deemed to have admitted the plaintiffs' well-pleaded factual allegations

. . . .") (citing <u>Eagle Hosp. Physicians, LLC v. SRG Consulting, Inc.</u>, 561 F.3d 1298, 1307 (11th Cir. 2009)).

Therefore, the undersigned recommends that the requested $5,476.95 be denied.

### c. Fees for exemplification and the costs of making copies of any materials where the copies are necessarily obtained for use in the case

A prevailing party "may only recover photocopying costs if they were necessary for use in the litigation." <u>TCC Air Servs., Inc. v. Schlesinger</u>, No. 05-CV-80543, 2009 WL 565516, at *6 (S.D. Fla. 2009) (citing <u>McGregor v. Bd. of County Comm'rs for Palm Beach County</u>, 130 F.R.D. 464, 465 (S.D.Fla.1990)). "If the prevailing party could have reasonably believed that the copies were necessary, then recovery should be granted." <u>TCC Air Servs., Inc.</u>, 2009 WL 565516, at *6 (citing <u>W&O, Inc.</u>, 213 F.3d at 623). "The prevailing party has the burden to produce sufficient evidence to show that it believed the copies were reasonably necessary." <u>TCC Air Servs., Inc.</u>, 2009 WL 565516, at *6 (citing <u>George v. GTE Directories Corp.</u>, 114 F. Supp. 2d 1281, 1299 (M.D. Fla. 2000)). "Unsubstantiated statements that the copies were necessary does not satisfy the burden." <u>TCC Air Servs., Inc.</u>, 2009 WL 565516, at *6 (citing <u>Cullens v. Georgia Dep't of Transp.</u>, 29 F.3d 1489, 1494 (11th Cir. 1994)).

Plaintiffs request $630.34 for exemplification and the costs of making copies. <u>See</u> Motion for Taxable Costs [D.E. 111 at 10]. However, the documentation provided in support of the costs requested does not indicate whether items comprising the request were necessary for use in the litigation against Spanfelner. Therefore, the undersigned recommends that the requested $630.34 be denied. <u>TCC Air Servs., Inc.</u>, 2009 WL 565516, at *6.

As a result, the undersigned recommends that Plaintiffs' cost award pursuant to Section 1920 be limited to $65 for service of summons on Spanfelner.

## <u>RECOMMENDATION</u>

Based on the foregoing considerations, the undersigned RESPECTFULLY RECOMMENDS that Plaintiffs' Consolidated Motions for Fees and Costs [D.E. 110 and 111] be GRANTED IN PART and that Plaintiff be awarded **$52,943.50** in attorneys' fees and **$65.00** in taxable costs for a total award of **$53,008.50** against Spanfelner.

Pursuant to Local Magistrate Judge Rule 4(b), the parties have **<u>fourteen days</u>** from the date of this Report and Recommendation to file written objections, if any, with the Honorable Jose E. Martinez, United States District Judge. Failure to file timely objections may bar the parties from attacking the factual findings contained herein on appeal. See <u>Resolution Tr. Corp. v. Hallmark Builders, Inc.</u>, 996 F.2d 1144, 1149 (11th Cir. 1993). Further, "failure to object in accordance with the provisions of [28 U.S.C.] § 636(b)(1) waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions." <u>See</u> 11th Cir. R. 3-1 (I.O.P. - 3).

RESPECTFULLY SUBMITTED in Chambers in Miami, Florida, on this <u>11th</u> day of January, 2021.

_____
ALICIA M. OTAZO-REYES
UNITED STATES MAGISTRATE JUDGE

Copies <u>via CM/ECF</u> to:

United States District Judge Jose E. Martinez
Counsel of Record

Copies <u>via email</u> to:

Cameron Spanfelner (CamSpan23@gmail.com)

13