UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

Case Number: 19-20664-CIV-MARTINEZ-OTAZO-REYES

REVA INC. and REVA ACQUISITION, INC.,
    Plaintiffs,

vs.

CAMERON SPANFELNER, et al.,
    Defendants.
_____/

## ORDER ADOPTING MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

THIS MATTER was referred to the Honorable Alicia M. Otazo-Reyes, United States Magistrate Judge, for a Report and Recommendation ("R&R") on Plaintiffs' Verified Motion for Attorneys' Fees and Other Litigation Costs, [ECF No. 110], as well as Plaintiffs' Bill of Costs, [ECF No. 111] (hereinafter, "Plaintiffs' Consolidated Motions for Attorneys' Fees and Costs"). After conducting two telephonic hearings on these matters, Magistrate Judge Otazo-Reyes filed an R&R, [ECF No. 123], recommending that Plaintiffs' Motions be granted in part and denied in part. Specifically, Magistrate Judge Otazo-Reyes recommended that Plaintiffs be awarded $52,943.40 in attorneys' fees and $65.00 in taxable costs, for a total award of $53,008.50 against Defendant Cameron Spanfelner, who was previously subject to a Final Default Judgment.

On January 22, 2021, Defendant Spanfelner sent an email to the Court setting forth his objections to the R&R, [ECF No. 124]. The Court permitted the Clerk's office to docket the email as such, despite the fact that the objections were not conventionally filed. On January 26, 2021, Plaintiffs filed a Response to Defendant's Objections, [ECF No. 125].

The Court, having conducted a *de novo* review of the record and the issues presented in Defendant's Objections, agrees with the R&R's thorough analysis and conclusion. The R&R's two-thirds cut of Plaintiffs' requested fees is reasonable under the circumstances. So too is the

R&R's analysis on requested costs and other expenses.

The only objections raised by Defendant Spanfelner is that he cannot afford to pay the attorneys' fees despite this cut, and that he did not play a major role in the purported malfeasance. As an initial matter, the argument regarding his role in the scheme sounds in liability, which Mr. Spanfelner waived when he did not partake in the litigation and a Final Default Judgment was entered against him. The Court has already determined that Plaintiffs are entitled to reasonable attorneys' fees and costs pursuant to Section 5 of the Non-Compete agreement that Defendant violated. [ECF No. 108 at 7].

While ability to pay is a factor in determining reasonable attorneys' fees in certain circumstances, such as against Title VII losing parties, the Court finds that it is inapplicable here, where a mandatory fee-shifting provision of a contract is at issue. *See, e.g.*, *Durrett v. Jenkins Brickyard, Inc.*, 678 F.2d 911, 917 (11th Cir. 1982) (Title VII context); *Thompson v. Branch Banking & Trust Co.*, No. 19-cv-60108-RUIZ/STRAUSS, 2020 WL 7061558, at *6–7 (S.D. Fla. Nov. 10, 2020) (affirmed and adopted in full, finding that ability to pay is inapposite to analysis involving a fee-shifting provision of a Florida statute). Nevertheless, even where inability to pay in considered, it is not a controlling factor and cannot serve as a basis to deny an award of attorneys' fees in its entirety. *See Buczek v. Trans Union LLC*, No. 05-80834-CIV, 2007 WL 9706920, at *6 (S.D. Fla. June 25, 2007), *report and recommendation adopted*, 2007 WL 9706921 (S.D. Fla. July 13, 2007); *Durrett*, 678 F.2d at 917. Finally, the "party seeking to limit an award of attorney's fees has the burden to establish his or her financial status." *Buczek*, 2007 WL 9706920, at *6.

At the very least, were the Court to consider ability to pay, Defendant Spanfelner has not met his burden. Besides a general grievance that the award is "extremely harsh," he has not set

forth any support or documentation regarding his financial status. Moreover, even if the Court had discretion to reduce the lodestar amount in this case based on Defendant's alleged inability to pay, such a reduction is not warranted where the R&R has already reduced the amount by two-thirds across the board. The Court finds this reduction sufficient.

Accordingly, after careful consideration, it is hereby:

**ORDERED AND ADJUDGED** that

1. United States Magistrate Judge Otazo-Reyes's Report and Recommendation, [ECF No. 123], is **AFFIRMED and ADOPTED**.

2. Plaintiffs' Consolidated Motions for Attorneys' Fees and Costs, [ECF Nos. 110–11], are **GRANTED IN PART** and **DENIED IN PART**.

3. Plaintiffs are hereby awarded **$52,943.50 in attorneys' fees** and **$65.00 in taxable costs,** for a **total award of $53,008.50** against Defendant Spanfelner.

DONE and ORDERED in Chambers at Miami, Florida, this 27th day of January 2021.

  _____
  JOSE E. MARTINEZ
  UNITED STATES DISTRICT JUDGE

Copies provided to:
Magistrate Judge Otazo-Reyes
All Counsel of Record
Cameron Spanfelner, *pro se*